AO 91 (Rev. 11/11) Criminal Complaint

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAR 11 2025

MITCHELL R. ELFERS
CLERK OF COURT

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br>John Albert Carrillo, Jr.<br><br>Defendant(s) | Case No. 25MJ421 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  John Albert Carrillo, Jr.  in the county of  Otero  in the
_____ District of  New Mexico , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1151, 1153(a) | Crimes Occuring within Indian Country |
| 18 U.S.C. § 2241(a), 2241(c) | Crimes Occuring within Indian Country |
| 18 U.S.C. § 2243(a) | Abusive Sexual Contact |

This criminal complaint is based on these facts:

See attached "Affidavit"

☑ Continued on the attached sheet.

_____
Complainant's signature

FBI Special Agent David S. Gabriel
Printed name and title

Signed electronically and sworn telephonically.

Date: 11 March 2025

_____
Judge's signature

City and state:  Las Cruces, New Mexico

Damian L. Martínez, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, David S. Gabriel, a Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, depose and state as follows:

1. I have been employed as a Special Agent of the FBI since May 2018. I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes, including Title 18 of the United States Code. I am currently assigned to the Albuquerque Field Office, Las Cruces Resident Agency, New Mexico. Prior to my current position, I was employed for six years as an analyst and operations officer in a federal intelligence service. I am currently assigned to investigate violations of federal law, including violent crimes against children and crimes occurring on Indian reservations.

2. During my tenure with the FBI, I have received formal and informal training in conducting a variety of criminal investigations. I have participated in the execution of search warrants and seized evidence of these violations, conducted surveillance, and arrested the perpetrators of these crimes. I have conducted hundreds of interviews, to include witness, subject, and victim interviews. I am currently assigned full-time to investigate crimes which occur on the Mescalero Apache Indian reservation, a federally recognized Indian reservation.

3. The information contained herein is based upon my own investigations as well as information supplied to me by other duly sworn law enforcement officers, and does not contain all information known by me, only facts for consideration of probable cause.

4. I make this affidavit in support of a criminal complaint that between on or about February 15, 2025, in Otero County, in the District of New Mexico, within Indian Country, on the Mescalero Apache Reservation, 35-year-old John Albert Carrillo, Jr. (hereafter "Carrillo"), an

Indian, knowingly committed an abusive sexual act against a 15-year-old female minor (hereafter "Doe"), in violation of Title 18, United States Code, Sections 1151, 1153(a), 2241(c), 2241(a)(1), 2243(a), and 2246(2)(C).

### Relevant Statutes

5. Title 18 U.S.C. §1151 states, "[e]xcept as otherwise provided in sections 1154 and 1156 of this title, the term "Indian country", as used in this chapter, means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same."

6. Title 18 U.S.C. §1153(a) states that "[a]ny Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States."

7. Title 18 U.S.C. §2241(c) states that it is a crime if anyone "knowingly engages in a sexual act within the circumstances described in subsections (a) and (b) with another person who has attained the age of 12 years but has not obtained the age of 16 years (and is at least 4 years younger than the person so engaging)."

8. Title 18 U.S.C. §2241(a)(1) states that it is a crime to "knowingly cause another person to engage in a sexual act – by using force against that other person."

9. Title 18 U.S.C. §2243(a) states that it is a crime to "knowingly engage in a sexual act with another person who (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging."

10. Title 18 U.S.C. §2246(2)(C) defines "sexual act", *inter alia*, as "the penetration, however slight of the anal or genitalia opening of another by a hand or finger or any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

### Probable Cause

11. On February 15, 2025, your affiant was notified by BIA Special Agent (SA) Jacob Glossop of an alleged child sexual assault which took place on the Mescalero Apache Indian reservation. According to BIA's information, 35-year-old Carrillo sexually assaulted 15-year-old Doe earlier that morning at a location which I know from my training and experience to be within the bounds of the Mescalero Apache Indian Reservation. I reviewed the Mescalero Apache Tribal Census and determined Carrillo is a tribally recognized Mescalero Apache Indian.

12. The following information was provided to me by BIA:

13. In her initial interview with BIA, Doe stated that the day before the assault she came up to the Mescalero/Ruidoso area with her father to visit a nearby landmark (after a visit the prior day as well.) Their car got stuck, and Doe's father called Carrillo, a family friend, for help with getting the car out. The group then went to a casino for the men to drink. They returned to Carrillo's house on the Mescalero reservation and the men continued to drink, including a third unidentified male. Carrillo was very intoxicated. Doe fell asleep around 3:00 a.m. on February 15, 2025. When Doe woke up, Carrillo was rubbing her leg and taking a blanket off of her. Carrillo told Doe to

follow him outside. Doe walked outside and Carrillo opened up his car and told Doe to come with him so Doe could "get some dick." Doe was cold and disgusted at Carrillo's behavior so she declined and returned inside. Doe believes another individual, hereinafter referred to as Witness #1, observed this happen between Carrillo and Doe. Doe went back inside to sleep in the bed where her father was already asleep. Carrillo came in as well and started rubbing Doe's leg. Carrillo was using his thumb on Doe's private parts, over the pants. Doe pushed Carrillo away. Carrillo then stopped and went to urinate in an attached bathroom with the door open, where Doe could see his private parts. Carrillo then returned and started begging Doe and began touching her legs again. Doe shoved him off again and Carrillo got angry. Carrillo then got behind Doe. While this was happening, Doe, her father, and Carrillo were all in the same bed. Doe then got on her phone and went onto Snapchat to send Carrillo messages telling him to leave her alone. She also showed him these messages on her phone. Carrillo said words to the effect of "let me just finish real quick" then took Doe's phone and messaged words to the effect of "I'll be done by then." Doe continued to try to fight him off.

14. Carrillo then reached all the way under Doe's pants and started touching her vagina, underneath her underwear. Doe was crying and begging Carrillo to stop. Carrillo continued to penetrate Doe's vagina with his hand. Another person, hereinafter referred to as Witness #2, came in and saw Carrillo's hands in Doe's pants. Carrillo then stopped sexually assaulting Doe.

15. On February 19, 2025, Doe submitted to a Sexual Assault Nurse Exam and provided similar information as described above during the interview.

16. On February 27, 2025, Doe was interviewed by an FBI Child Forensic Interviewer. Doe provided a version of events consistent with her statement to BIA and the SANE examiner. During this interview, which was more detailed than BIA's initial triage interview, Doe noted that

Carrillo inserted the tip of his finger into her private parts that she uses to urinate, noting it was the same area the SANE examiner later swabbed her. Doe noted that Carrillo was big and she was unable to push him away or stop his hand from penetrating her by force because of his size. Doe also noted Carrillo was attempting to remove her pants and his own clothing during this sexual assault, which she described as an attempted rape. I met Doe on the day of this interview and found her to be a small female teenager. In contrast, a review of Carrillo's Driver's License information and criminal history shows weights of 212 and 227 pounds.

### Witness Statements

17.     Witness #1, #2, and #3 were interviewed by BIA later on the morning of February 15, 2025. Witness #1 reported he saw Carrillo go into his room with Doe while Doe and her father slept in the room. Carrillo was intoxicated, and Witness #1 knows Carrillo does stupid stuff when intoxicated. Carrillo and Doe frequently joke around and he saw them play-wrestling. Witness #1 heard Carrillo wake up Doe and lead her outside. Witness #1 heard Carrillo tell Doe to get in his truck. They then returned to Carrillo's room. About 30 minutes later, Witness #1 and Witness #2 heard sounds coming from Carrillo's room. They opened the locked door and saw Doe and Carrillo lying side by side, with Carrillo's hand in Doe's pants. Carrillo was touching Doe's "private parts" in the front. Carrillo's hand "past his knuckles" was not visible under Doe's pants. Carrillo got up and said he wasn't doing anything. Witness #1 told Carrillo he saw what happened. Carrillo got mad because he could not find his keys or his pants. Carrillo told then stated he was not a pedophile. Carrillo then tried to leave the scene. Witness #1 also provided additional information related to another incident that is not included in this complaint since it relates to uncharged conduct.

18.     Witness #2 stated that early in the morning of February 15, 2025, he and Witness #1 opened a locked interior door in their home and found Carrillo lying next to Doe with his hands

in her pants under her clothes. Carrillo was wearing only his shorts. Witness #2 described seeing "[Carrillo's] hand inside her private parts," at which point Carrillo got up and became agitated. Carrillo was telling Witness #1 and Witness #2 that he was not a pedophile and that he was not doing anything. Carrillo then attempted to find his car keys and pants to leave.

19. Witness #3 reported that she heard signs of "wrestling" before the incident. Witness #3 went into the room where Carrillo, Doe, and the others were to confront them and saw Doe and Carrillo laying side-to-side. Carrillo then told Witness #3 to shut up and go back to bed. Later, Witness #3 saw Carrillo come out of the room wearing his shorts and a t-shirt. Carrillo started yelling that he was "not a pedophile" and kept repeating it. Witness #1 and #2 told Witness #3 they saw Carrillo with his hands in Doe's pants. Carrillo then started washing his hands aggressively trying to get everything off his hands. Witness #3 spoke to Doe, who told her that Carrillo was touching her inappropriately. Doe also showed the witness messages between Doe and Carrillo in which he was seeking sexual intercourse with Doe.

## Conclusion

20. Based on the above information, I submit that probable cause exists to believe that John Carrillo violated Title 18 U.S.C. Sections, 1151, 1153(a), 2241(c), 2241(a)(1), 2243(a), and 2246(2)(C), which makes it a crime for any person to knowingly engage in a sexual act with a person between the ages of 12 and 16 within the federal territory.

21. Assistant United States Attorney Jackson K. Dering V approved prosecution in this case.

Respectfully submitted,

*[signature]*

Criminal Complaint
25MJ421

David S. Gabriel
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this __11__ day of March 2025.

*[signature]*

The Honorable Damian L. Martinez
United States Magistrate Judge